**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| **CARLOS LASSO ESTRADA** | * |
|     9206 Springhill Lane #201 | * |
|     Greenbelt, Maryland 20770 | * |
| | * |
| **GONZALO GARCIA PAULINO** | * |
|     6556 Bock Terrace | * |
|     Oxon Hill, Maryland 20745 | * |
| | * |
| **ELEUTERIO MENDOZA RAMIREZ** | * |
|     6556 Bock Terrace | * |
|     Oxon Hill, Maryland 20745 | * |
| | * |
| **ANA CAMPOS** | * |
|     15505 Emily Ct. | * |
|     Accokeek, Maryland 20607 | *     **Civil Action No.** _____ |
| | * |
| **BLANCA CAMPOS RIVERA** | * |
|     15505 Emily Ct. | * |
|     Accokeek, Maryland 20607 | * |
| | * |
| **NELSON MUNOZ** | * |
|     6704 Bock Rd. | * |
|     Temple Hills, Maryland 20744 | * |
| | * |
| **ENRIQUE GARCIA PAULINO** | * |
|     6556 Bock Terrace | * |
|     Oxon Hill, Maryland 20745 | * |
| | * |
| **GERBER GUEVARA** | * |
|     209 Cedar Ridge Dr. | * |
|     Oxon Hill, Maryland 20745 | * |
| | * |
| **ALEJANDRO MENDOZA** | * |
|     W. College St. | * |
|     Warsaw, North Carolina 28398 | * |
| | * |
| **ULMI POZO** | * |
|     15550 Brandywine Rd. | * |
|     Brandywine, Maryland 20613 | * |
| | * |
|     **On Behalf of Themselves and** | * |
|     **All Others Similarly Situated** | * |

|                                      |   |
|--------------------------------------|---|
| **Plaintiffs,**                      | * |
|                                      | * |
| v.                                   | * |
|                                      | * |
| **MID-ATLANTIC WAREHOUSE SERVICES, INC.** | * |
| Serve: Samuel D. Handwerger          | * |
| 7900 Cedarville Road                 | * |
| Brandywine, Maryland 20613           | * |
|                                      | * |
| **REGENCY FURNITURE OF BRANDYWINE INC.** | * |
| Serve: Abdelrahman Ayyad             | * |
| 7900 Cedarville Road                 | * |
| Brandywine, Maryland 20613           | * |
|                                      | * |
| **REGENCY FURNITURE INC.**           | * |
| Serve: Abdelrahman Ayyad             | * |
| 7900 Cedarville Road                 | * |
| Brandywine, Maryland 20613           | * |
|                                      | * |
| **ABDELRAHMAN AYYAD**                | * |
| 7900 Cedarville Road                 | * |
| Brandywine, Maryland 20613           | * |
|                                      | * |
| **Defendants.**                      | * |

****************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Carlos Lasso Estrada ("Estrada"), Eleuterio Mendoza Ramirez ("Ramirez"), Nelson Munoz ("Munoz"), Ana Campos ("Campos"), Blanca Campos Rivera ("Rivera"), Enrique Garcia Paulino ("Paulino"), Gerber Guevara ("Guevara"), Alejandro Mendoza ("Mendoza") and Ulmi Pozo ("Pozo") (collectively, "Plaintiffs"), by and through their undersigned counsel, Deyka Williams Spencer and The Spencer Firm, LLC, on behalf of themselves and all others similarly situated, hereby bring suit against Mid-Atlantic Warehouse Services, Inc. ("Mid-Atlantic"), Regency Furniture of Brandywine, Inc. ("RB"), and Regency

Furniture, Inc. ("RF")(hereinafter collectively referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* (FLSA); the Maryland Wage and Hour Law, §§ 3-401 *et. seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, §§ 3-501 *et. seq.* ("MWPCL").

## PARTIES AND JURISDICTION

1. The Plaintiffs are adults, over twenty-one years of age, and residents of the Prince George's County, Maryland; as named Plaintiffs, they affirm their consent to participate as plaintiffs in a Collective Action under the FLSA.

2. At all relevant times, Plaintiffs were employees of Defendants, as defined by the FLSA, MWHL and the MWPCL, who Defendants suffered or permitted to work without paying Plaintiffs overtime, in violation of Federal and Maryland law.

3. Defendants, Mid-Atlantic, RFB, and RFI, each upon information and belief, are registered in the state of Maryland with their principal place of business in Prince George's County, Maryland. Defendants are a locally owned and operated home furnishing company (furniture assembly, installation, delivery, etc.).

4. At all relevant times, Defendants, each, and collectively were an "employer", "joint employer", or "integrated enterprise employer" of Plaintiffs, as defined by the FLSA, MWHL and MWPCL.

5. Upon information and belief, Mid-Atlantic, Regency Brandywine, and Regency Furniture are owned and managed by Abdelrahman Ayyad.

6. At all times relevant to this Complaint, Defendant Ayyad acted directly and/or indirectly in the interest of Mid-Atlantic, RFB, and RFI in relation to Plaintiffs.

3

7. At all times relevant, Defendant Ayyad controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

8. At all times relevant, Defendant Ayyad had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

9. Defendant Ayyad is an employer within the meaning of the FLSA, MWHL, and MWPCL

10. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

11. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

12. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

13. At all times relevant to the present case, Defendants regularly carried on business in Prince George's County, Maryland.

**STATEMENT OF FACTS**

14. Plaintiffs and other similarly situated individuals are or were employed with Defendants performing manual labor duties for a considerable amount of years.

15. The approximate dates of employment for the named Plaintiffs are as follows:

Carlos Estrada: July 20, 2007- January 20, 2014

Gonzalo Garcia: November 2012-February 2014

Nelson Munoz: March 2011- February 2012 then February 2013-Sepember 2013

Ana Campos: November 3, 2012- present

Eleuterio Ramirez: March 11, 2013-January 20, 2014

Blanca Rivera: July 2, 2012 – present

Enrique Paulino: August 2010- December 24, 2013

Gerber Guevara: May 20, 2009 – January 2014

Alejandro Mendoza: February 2013-June 2013

Ulmi Pozo: July 13, 2013-March 3, 2014

16. During relevant periods, Defendants paid Plaintiffs and other similarly situated individuals by way of three (3) methods.

17. Some Plaintiffs were paid a "day rate" ranging from $60.00 per day to $100 per day.

18. Some Plaintiffs were paid at varying hourly rates.

19. Some Plaintiffs were paid at varying biweekly salaries.

20. Plaintiffs' duties consisted of furniture installation, furniture assembly, forklift operator, drivers and other duties associated with Defendant's services of furniture services. At times some Plaintiffs had several of the described duties mixed together.

21. During relevant periods, Plaintiffs and other similarly situated individuals regularly and customarily worked between sixty-six (66) and seventy-three (73) hours or more per week.

22. During relevant periods, Defendants were aware that Plaintiffs and similarly situated individuals worked sixty-six (66) hours to seventy-three (73) or many more per week.

23. Plaintiffs worked Monday to Saturday and at times on Sundays. Therefore, Plaintiffs worked at minimum 6 days a week.

24. Plaintiffs generally began work from 6am and would leave work upon completion of their assigned work on the majority of assignments regardless of how late they were working.

The average time to leave work was 6pm; however, various Plaintiffs often worked later to complete their assigned tasks.

25. Plaintiffs that worked beyond closing hours were not allowed to enter their time out (not allowed to "punch out"). In fact, Plaintiffs that worked beyond Defendant's store closing hours were not compensated for the hours worked that day at all or in some cases, false and inaccurate hours were inserted by management.

26. Plaintiffs were not compensated properly for hours worked in excess of 40 per workweek. In fact, various Plaintiffs were compensated below the minimum wage.

27. For example, Plaintiff Lasso was compensated a $350 weekly salary when he started working for Defendants in 2007.

28. Plaintiff Lasso worked from Monday to Saturdays twelve hours each day; he worked sixty-six hours in total per week after lunch hours are deducted.

29. If Plaintiffs requested to be compensated for the hours worked in excess of 40 per workweek that they were never paid (not even at a straight rate), Defendant Ayyad would ignore their requests.

30. Plaintiffs that worked on Sundays, the usual off day, were at various times not compensated at all for work performed on these particular days.

31. Defendants also failed to ever compensate most Plaintiffs for their first two to four weeks of work.

32. Defendants failed to pay the final paychecks for some Plaintiffs.

33. Defendants did not provide Plaintiffs with accurate earning statements during relevant periods.

34. Defendants promised salaried workers that their day rates or biweekly salaries were based on an eight (8) hour work day.

35. Defendants unlawfully deducted uniforms from Plaintiffs' pay; in fact, some Plaintiffs never obtained uniforms, yet they too were subjected to uniform deductions.

36. Plaintiffs worked an excess of 40 hours per week during relevant periods. However, Defendants failed to properly pay Plaintiffs for the hours they worked over forty in any workweek.

37. Plaintiffs complained to Defendants about their missing and or improperly documented hours to no avail.

38. Defendants did not inform Plaintiffs of their rights under the FLSA and Maryland law. There was no display of the FLSA or Maryland employment laws visible to Plaintiffs at the workplace until roughly sometime in August of 2014.

39. Plaintiffs are non-exempt workers under the FLSA and Maryland law.

40. Defendants' failure and refusal to pay Plaintiffs for the hours they worked over forty in a workweek and hours worked in general was willful, intentional, and not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

41. Incorporating allegations already set forth in the preceding paragraphs, the collective action allegations are more specifically set forth.

42. Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed warehouse services such as furniture assembly, forklift operator and other in house assembly related duties for Defendants from the Brandywine, Maryland Regency furniture location during relevant periods.

43. As a separate class, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed warehouse services pertaining to furniture deliveries for Defendants from the Brandywine, Maryland Regency Furniture location during relevant periods.

44. Questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

45. The main allegation of this case is that Defendants engaged in common and intentional violations of the Federal and Maryland wage laws by way of overtime violations and unpaid wage violations.

46. During relevant periods and most likely prior to and beyond, Defendants paid Plaintiffs and other similarly situated individuals either a day rate, hourly rate, or weekly rate and failed to properly pay overtime for hours worked in excess of 40 per work week.

47. During relevant periods and most likely prior to and beyond, Defendants failed to compensate Plaintiffs and other similarly situated individuals for hours worked such as Sundays and first month employed with Defendants for many or simply duties performed "off the clock"; when informed of these mishaps, Defendants refused to compensate Plaintiffs for wages owed.

48. Defendants commonly and systematically engaged in "wage theft" or "payroll fraud" by not compensating Plaintiffs that worked beyond a certain time period and failing to have a method to document the late hours worked in order to compensate Plaintiffs and other similarly situated individuals; by failing to compensate Plaintiffs, all of Hispanic origin, for work performed during their first month employed with Defendants; by making unlawful deductions from their pay statements; and by failing to fully document pay information in the earning statements among other possible violations.

49. Plaintiffs and similarly situated individuals all received compensation from Defendants in violation of the Federal and Maryland wage laws by way of unpaid wages for hours worked and not being paid time and half their regular rate for hours worked in excess of 40 in a workweek.

50. Plaintiffs and similarly situated individuals were not paid overtime at time and a half their regular rate for hours worked in excess of forty (40) per workweek.

51. Plaintiffs and each class member are seeking to be paid the wages that they were never paid; the difference between in hours paid and hours owed when applicable, and any other owed amount earned by Plaintiffs for performing their duties during the workweek.

52. In this particular case, the class members may exceed fifteen (15) current and former employees.

53. All class members are believed to be readily identifiable from information and records in the control and possession of the Defendants.

**COUNT I**
**FAILURE TO PAY OVERTIME**
**Fair Labor Standards Act - 29 U.S.C. §§ 201 *et. seq*.**

54. Plaintiffs incorporate and reallege each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

55. Defendants failed to pay wages and overtime owed to the Plaintiffs, in violation of the FLSA, 29 U.S.C. §201, *et. seq*.

56. Defendants' failure to pay Plaintiffs wages and overtime, as required by the FLSA, was willful, intentional, and not in good faith.

57. Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

## COUNT TWO
## FAILURE TO PAY OVERTIME
### Maryland Wage and Hour Law - Md. Code Lab. & Empl. §§ 3-401 et. seq.

1. Plaintiff incorporates and realleges each and every allegation contained in this Complaint with the same force and effect as if set forth in all preceding paragraphs.

2. At all times relevant to this Complaint, Defendants violated the overtime provisions of the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. § 3-401, *et. seq.*, by failing to pay Plaintiffs one and one half times him regular rate for each hour over forty (40) that he worked in a particular workweek.

3. Defendants' failure to comply with the Maryland Wage and Hour Law caused Plaintiffs to suffer loss of wages and interests thereon.

## COUNT THREE
## FAILURE TO PAY WAGES
### Maryland Wage Payment Collection Act - Md. Code Lab. & Empl. §§ 3-501 et. seq.

4. Plaintiff incorporates and realleges each and every allegation contained in this Complaint with the same force and effect as if set forth in all preceding paragraphs.

5. Defendants failed to pay Plaintiffs all the wages they were due each pay period in violation of the Maryland Wage Payment Collection Act, MD. CODE ANN., LABOR & EMPLOY. § 3-501, *et. seq.*,

6. Defendants failed to pay Plaintiffs all wages due during a relevant pay period.

7. Defendants' failure to comply with the Maryland wage and hour protections caused Plaintiffs to suffer loss of wages and interests thereon.

8. Defendant's failure and refusal to pay these wages due to Plaintiffs were not the result of *any bona fide* dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Judgment be entered against all Defendants, jointly and severally; enjoin Defendants to comply with all applicable federal and state wage laws,

a. For the amount of the unpaid overtime compensation due to Plaintiffs for relevant periods.

b. For the amount of the unpaid wages due to Plaintiffs during relevant periods.

c. For an additional amount of liquidated damages equal to the unpaid wages and overtime compensation described in the preceding subsection, as authorized by the FLSA;

d. For the additional amount equal to treble damages (three times the amount owed) as authorized by the MWPCL. Md. Labor and Employment Code Ann. §3-507.1(b).

d. For Plaintiff's reasonable attorneys' fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C.§ 216(b) and Md. Labor and Employment Code Ann. §3-507.1 (b).

e. For such other further relief as this Court may deem appropriate.

Respectfully submitted,

_____/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 301-637-2866
Fax: 866-686-2126
dspencer@spencer-firm.com